UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR MONTALVO,

     Petitioner,

v.                                    CASE NO. 6:06-cv-703-Orl-18JGG

JAMES MCDONOUGH, et al.,

     Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed May 23, 2006). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7, filed October 2, 2006). Petitioner filed a reply to the response (Doc. No. 10, filed November 9, 2006).

Petitioner alleges two claims for relief in his habeas petition: (1) the trial court erred in denying Petitioner's motions to discharge trial counsel and to withdraw his guilty plea; and (2) defense counsel rendered ineffective assistance.

### I.    *Procedural History*

Petitioner was charged with conspiracy to traffic fourteen or more grams of heroin and trafficking fourteen or more grams of heroin. On December 4, 2003, Petitioner pled

guilty to both counts. The trial court conducted a sentencing hearing, and Petitioner was sentenced to two fifteen-year term of imprisonment to run concurrently. Petitioner appealed his convictions and sentences, and on November 16, 2004, the Fifth District Court of Appeal of Florida affirmed *per curiam*. Mandate was issued on December 3, 2004.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The state trial court denied the motion, and Petitioner appealed. The appellate court affirmed *per curiam*, and mandate was issued on May 30, 2006.

## II.    Analysis

### A.    Claim One

Petitioner asserts that the trial court erred by denying his motions to discharge his defense counsel and by denying his motion to withdraw his guilty plea.[1] Petitioner contends that prior to pleading guilty defense counsel told him that he had viewed a videotape which showed Petitioner selling fourteen grams of heroin. Moreover, Petitioner asserts that counsel did not interview any of the witnesses. Petitioner maintains that he pled guilty based on counsel's representation concerning the videotape.

Petitioner entered his plea on December 4, 2003. Thereafter, Petitioner filed a letter asking the trial court to allow defense counsel to withdraw. On January 22, 2004, the trial court conducted a hearing pursuant to *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973), to determine whether defense counsel was providing effective assistance.

---

[1] The Court notes that although Petitioner asserts that the trial court erred by not allowing him to withdraw his guilty plea, the record reflects that Petitioner never filed a motion to withdraw his guilty plea.

At the January 22, 2004 hearing, Petitioner stated that he was not satisfied with defense counsel's representation because prior to pleading guilty he had asked counsel to view the videotape in question, but counsel told Petitioner that he had not been able to do so. (App. A at 24-25.) Petitioner also told the trial court that he did not think counsel had interviewed any witnesses. *Id.* Defense counsel advised the trial court that he had attempted to obtain the videotape, but had difficulty doing so. Counsel indicated that he advised Petitioner that he had not viewed the videotape prior to Petitioner entering his guilty plea. *Id.* at 26. The trial court asked Petitioner if he wanted to withdraw his plea and go to trial to which Petitioner responded that he did not know. *Id.* at 27. The trial court told Petitioner that there was no reason to discharge defense counsel unless Petitioner wished to withdraw his plea. The trial court then permitted Petitioner some time to view the videotape, and if he so wished, to later move the trial court to discharge his counsel. *Id.* at 29. The trial court concluded that there was insufficient evidence to warrant discharging defense counsel at that time. *Id.*

On February 17, 2004, a second *Nelson* hearing was conducted. At the hearing, Petitioner told the trial court that he did not feel that defense counsel had adequately communicated with him nor did he feel that counsel had aggressively represented him. *Id.* at 34-38. Petitioner asserted that he had not seen the videotape discussed during the prior *Nelson* hearing. *Id.* Defense counsel told the trial court that leading up to trial and prior to the plea, (1) he had spoken with Petitioner at least six times; (2) he had been prepared to try the case; (3) he had reviewed the discovery materials; (4) he had spoken

3

with Petitioner's co-defendant, who was willing to testify against Petitioner; and (5) he was aware that the law enforcement agent involved in Petitioner's arrest recognized Petitioner. *Id.* at 38-39. Defense counsel further advised the trial court that there was no videotape depicting the transaction for which Petitioner was arrested, but there was a videotape that showed Petitioner in the background. *Id.* at 39. The trial court denied Petitioner's request to discharge counsel finding that Petitioner had represented that he was satisfied with counsel's performance when he entered his guilty plea and that counsel established that he had investigated the case and was aware that the State was able to identify Petitioner as the culprit. *Id.* at 41-42. The trial court further determined that defense counsel was prepared for trial. *Id.*

On appeal, Petitioner asserted that the trial court erred by not discharging defense counsel. The appellate court affirmed *per curiam.*

When a claim has been denied by the state court on the merits, 28 U.S.C. § 2254(d) guides this Court's consideration of the claim. Section 2254(d) provides as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835

(11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

> Under the "contrary to" clause, a federal court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by [the Supreme Court]
> on a question of law or if the state court decides a case differently than [the
> Supreme Court] has on a set of materially indistinguishable facts. Under the
> 'unreasonable application' clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle from [the
> Supreme Court's] decisions but unreasonably applies that principle to the
> facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Additionally, a determination of a factual issue made by a state court shall be presumed

correct, and the habeas petitioner shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

In the instant petition, Petitioner asserts that, before he pled guilty, defense counsel

told him that he had viewed a videotape which showed Petitioner giving fourteen grams

of heroin to a law enforcement agent. However, during the *Nelson* hearings conducted

over a month after Petitioner pled guilty, Petitioner indicated that he was aware prior to

pleading guilty that defense counsel had not viewed the videotape. Moreover, counsel

explained that he had not had an opportunity to view the videotape prior to the plea, and

had so informed Petitioner. Thus, the record reflects that Petitioner was aware prior to

pleading guilty that counsel had not viewed the videotape contrary to his contentions in

the instant petition. Furthermore, the record indicates that counsel investigated the case

and was aware that two witnesses were willing to testify that Petitioner had committed the

5

offenses. Finally, as noted *supra*, Petitioner never filed a motion to withdraw his guilty plea. Thus, the trial court could not have erred in denying a nonexistent motion, and the trial court's denials of Petitioner's motions to discharge counsel were not objectively unreasonable. Accordingly, the Court concludes that Petitioner has not established either that the state court's determination was contrary to, or involved an unreasonable application of, clearly established Federal law or that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

B.    *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to adequately communicate with him and diligently represent him. Petitioner contends that defense counsel "lied about the contents of the videotape, telling Petitioner that the videotape depicted him trafficking 14 grams of heroin . . . , when in fact, counsel had not even seen the tape prior to the *Nelson* hearings." (Doc. No. 1 at 13.) Petitioner maintains that he pled guilty based on counsel's misadvise concerning the videotape, and absent the misadvise, he would not have done so.

Petitioner raised this claim in his Rule 3.850 motion, and the state courts denied relief. The state trial court determined that during the *Nelson* hearings Petitioner's counsel indicated that two witnesses were prepared to testify that they saw Petitioner conduct the drug transaction. (App. E at 3.) Moreover, Petitioner was told during the second *Nelson* hearing that a videotape depicting him completing a drug transaction did not exist. *Id.*

Accordingly, the state trial court concluded that Petitioner had not established that counsel's performance was deficient. *Id.* at 5.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 166 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether

7

> some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

As noted previously, at the first *Nelson* hearing conducted over a month after he pled guilty, Petitioner acknowledged that he knew before he entered guilty plea that counsel had not viewed the videotape in question.  Despite this knowledge, Petitioner voluntarily pled guilty.  Moreover, at the second *Nelson* hearing, Petitioner was told explicitly that there was no videotape depicting him selling heroin.  Even then, Petitioner did not attempt to withdraw his guilty plea.  Thus, Petitioner has not established that he was prejudiced by counsel's purported deficient performance.  Accordingly, the state court's decision is not contrary to or an unreasonable application of clearly established Federal law, nor is it an objectively unreasonable determination of the facts.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1, May 23, 2006) filed by

Hector Montalvo is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk

of the Court shall enter judgment accordingly.

2.     The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 29 day of January, 2007.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sc 1/24
Counsel of Record
Hector Montalvo

9